Filed 7/8/26  P. v. Maldonado CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONALD MALDONADO,<br><br>    Defendant and Appellant. | B339095<br><br>(Los Angeles County<br> Super. Ct. No. NA119408) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Christopher Muller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant Ronald Maldonado of second degree murder, among other crimes. On appeal, defendant contends the trial court prejudicially erred in not instructing the jury on the lesser included offense of voluntary manslaughter based on heat of passion. We affirm the judgment.

## FACTUAL BACKGROUND

On March 29, 2022, at around 12:41 a.m., Larry Jefferson entered a liquor store and asked the cashier to call the police because "it was dangerous" outside. At that time, defendant also entered the store with his friends, Julian Maldonado[1] and Myrna Palay. Defendant said to the cashier, "Don't call the police. I'm here now." Defendant told Jefferson he had to leave the store. Jefferson replied, "What? I'm not going out there. If I go out there, I'm gonna die." Julian said, "Nigga, nobody's out there." Jefferson "got aggressive" and yelled, "You can't say that because you're not a nigga." Defendant punched Jefferson and started shouting, "Northside, northside, nigga."[2]

Defendant then chased Jefferson out of the store. Although Palay tried to stop defendant, he ran after Jefferson. Palay and Julian followed. Defendant took several swings at Jefferson as they were walking outside. Jefferson was walking backwards facing defendant and not swinging back at him. Defendant and Jefferson "squared up" in the middle of the street as if

---

[1]    Because he and defendant share the same surname, we will refer to Julian Maldonado by his first name to avoid confusion. We intend no disrespect.

[2]    This was a reference to defendant's association with the Northside Longos gang.

they were going to fight.  However, defendant pulled out a gun and shot Jefferson.  When Jefferson fell to the ground, defendant shot him a second time.  Prior to shooting Jefferson, defendant said, "Yeah, nigga."

Police officers responded to the scene and saw Jefferson lying in the street near the liquor store.  Jefferson later died as a result of a gunshot wound to the left side of his head.  He also suffered a gunshot wound to his left arm.  The police recovered two nine-millimeter Luger cartridge cases.  Palay was arrested shortly after the murder and eventually told the police that defendant was the shooter.

Defendant did not testify or call any witnesses in his defense.

## PROCEDURAL HISTORY

In 2024, a jury found defendant guilty of second degree murder (Pen. Code, § 187, subd. (a)),[3] possession of a firearm by a felon (§ 29800, subd. (a)(1)), and unlawful possession of ammunition by a felon (§ 30305, subd. (a)(1)).  The jury further found true the allegation that defendant personally used a firearm in the commission of the murder (§ 12022.5, subd. (a)).  The trial court sentenced defendant to 25 years to life in state prison.

Defendant timely appealed.

## DISCUSSION

I.    *Legal Principles*

"The [trial] court must instruct on any lesser included offense for which there is substantial evidence to support a conviction [citation], but not if the pertinent evidence is 'minimal and insubstantial' [citation].  ' "In deciding whether evidence is 'substantial' in this context, a court determines only its

---

[3]    All further statutory references are to the Penal Code unless otherwise stated.

3

bare legal sufficiency, not its weight." ' " (*People v. Hicks* (2017) 17 Cal.App.5th 496, 507; see *People v. Najera* (2008) 43 Cal.4th 1132, 1136 [" 'in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence'"].)

"Manslaughter is a lesser included offense of murder." (*People v. Beltran* (2013) 56 Cal.4th 935, 942 (*Beltran*).) One type of voluntary manslaughter is "a killing without malice 'upon a sudden quarrel or heat of passion.' " (*Id.* at p. 947, quoting § 192, subd. (a).) "The heat of passion sufficient to reduce murder to manslaughter 'exists only where "the killer's reason was actually obscured as the result of a strong passion aroused by a 'provocation' sufficient to cause an ' "ordinary [person] of average disposition ... to act rashly or without due deliberation and reflection, and from this passion rather than from judgment."'"' [Citation.]" (*People v. Landry* (2016) 2 Cal.5th 52, 97.) Voluntary manslaughter on a heat of passion theory has both subjective and objective components. (*People v. Moye* (2009) 47 Cal.4th 537, 549 (*Moye*).) "To satisfy the subjective element ..., the accused must be shown to have killed while under 'the actual influence of a strong passion' " induced by the victim's provocation. (*Id.* at p. 550.) The passion aroused may be any " ' " '[v]iolent, intense, high-wrought or enthusiastic emotion' " ' [citations] other than revenge." (*People v. Breverman* (1998) 19 Cal.4th 142, 163, disapproved on other grounds in *People v. Schuller* (2023) 15 Cal.5th 237, 260, fn. 7.) To satisfy the objective element, the heat of passion must be a result of sufficient provocation—that is, conduct by the victim "sufficiently provocative that it would cause an ordinary person of average disposition to act rashly or without due deliberation and reflection." (*Moye, supra*, at p. 550.) "To be adequate, the provocation must be one that would cause an

4

emotion so intense that an ordinary person would simply *react*, without reflection." (*Beltran, supra*, at p. 949.) Both heat of passion and adequate provocation "must be affirmatively demonstrated." (*People v. Lee* (1999) 20 Cal.4th 47, 60.)

"We review the trial court's failure to instruct on a lesser included offense de novo [citations] considering the evidence in the light most favorable to the defendant [citations]." (*People v. Brothers* (2015) 236 Cal.App.4th 24, 30.)

II.    *Analysis*

Defendant's sole contention on appeal is that the trial court prejudicially erred by failing to instruct the jury on the lesser included offense of voluntary manslaughter based on heat of passion. He argues that Jefferson's "suddenly 'aggressive' behavior" and his "unwarranted raised-voice accusation of racism" provoked the killing. We disagree.

Jefferson's behavior would not provoke an ordinary, reasonable person to act in that manner. (See, e.g., *People v. Carasi* (2008) 44 Cal.4th 1263, 1306 [victim must engage in provocative conduct].) Defendant approached Jefferson and directed him out of the liquor store. Jefferson's "aggressive" behavior was only in response to Julian's racial epithet directed at him. Moreover, Jefferson merely yelled a statement of disapproval for being called a "nigga." Contrary to defendant's contention, Jefferson did not escalate the encounter to a quarrel. Rather, defendant did so by punching Jefferson and then chasing him out of the liquor store. While defendant followed him out swinging, Jefferson did not respond in kind and instead ran into the middle of the street. As both "squared up" in the street, defendant pulled out a gun and shot him. Then, after Jefferson fell to the ground, defendant shot him

5

again. We do not credit defendant's unsupported assertions that "further words were exchanged outside" or that Jefferson was belligerent prior to the shooting as there is no evidence in the record to support these claims.

In addition, there was no evidence that defendant was under the influence of a strong heat of passion based on Jefferson's alleged provocation. (See, e.g., *People v. Manriquez* (2005) 37 Cal.4th 547, 586.) Defendant did not testify at trial, and there was otherwise no evidence to show he exhibited anger, fury, or other intense emotion before shooting Jefferson. (Compare *id.* at p. 585 [no testimony victim's insults enraged defendant], with *People v. Dominguez* (2021) 66 Cal.App.5th 163, 180 [defendants' testimony they felt " 'super panicked' " and " 'super scared' " after victim issued a gang challenge and lunged at them constituted sufficient evidence of subjective provocation].) Therefore, we conclude that there was insufficient evidence to support instructing the jury on voluntary manslaughter on a heat of passion theory. Because we find no instructional error, we need not and do not address the contention that Maldonado suffered prejudice.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, P. J.

We concur:

MORI, J.                                                    TAMZARIAN, J.

6